

Anna Y. Park, SBN 164242
Gregory L. McClinton, SBN 153553
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1053
Facsimile: (213) 894-1301

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION



## UNITED STATES DISTRICT COURT

### DISTRICT      CV-S-02-1268-KJD-LRL

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., d/b/a Home Depot,<br><br>Defendant. | **COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br>(42 U.S.C. §§ 2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of Race and to provide appropriate relief to Roderick A. Birdis ("Mr. Birdis"). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Mr. Birdis was qualified for the positions he applied for with Defendant, Home Depot U.S.A., Inc., d/b/a Home Depot ("Defendant Employer"), yet was repeatedly denied and refused promotion by Defendant Employer because of his race (African American).

///

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times alleged herein, Defendant Employer, a Delaware corporation, has continuously been doing business within Clark County, State of Nevada and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Mr. Birdis filed a charge with the Commission alleging violations of Title VII by Defendant Employer. The Commission has issued a Letter of Determination finding that Mr. Birdis was subjected to unlawful employment discrimination based upon his race (African American) in violation of Title VII.   All conditions

1  precedent to the institution of this lawsuit have been fulfilled.

2      8.    The Commission alleges that, since at least on or about April 2001, Defendant Employer has engaged in unlawful employment practices at its of Las Vegas, Nevada locations in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Mr. Birdis to employment discrimination based upon his race (African Amercian). Specifically, Defendant Employer repeatedly failed and refused to promote Mr. Birdis, even though he was qualified for the positions. Defendant Employer instead chose and promoted less qualified Caucasian applicants for the positions. Defendant Employer's articulated reasons for not promoting Mr. Birdis were pretextual in nature.

    9.    The effect of the practices complained of above has been to deprive Mr. Birdis of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race (African American) under Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

    10.    The unlawful employment practices complained based upon the facts above were intentional.

    11.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Burdis.

    12.    As a direct and proximate result of the aforesaid acts of Defendant, Mr. Birdis has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and damages, according to proof.

    14.    As a direct and proximate result of the aforesaid acts of Defendant, Mr. Birdis suffered a loss of earnings and other pecuniary losses in an amount according to proof.

///
///
///

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Grant a mandatory injunction requiring Home Depot to promote Mr. Birdis at its Las Vegas store location, as the Court deems necessary and proper in the public interest and to make Mr. Birdis whole.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Mr. Birdis by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, discrimination on the basis of race.

E. Order Defendant Employer to make whole Mr. Birdis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Mr. Birdis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Mr. Birdis punitive damages for its malicious and reckless conduct based upon the facts above, in amounts to be

1 | determined at trial.

2 | H. Grant such further relief as the Court deems necessary and proper in
3 | the public interest.

4 | I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

Nicholas Inzeo, Esquire
Acting Deputy General Counsel
Gwendolyn Reams, Esquire
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Anna Y. Park, Regional Attorney
Gregory McClinton, Trial Attorney

Date: September 28, 2002    By: _____
                                              Anna Y. Park
                                              Regional Attorney
                                              Attorneys for Plaintiff