1  ANNA Y. PARK, State Bar No. 164242,
GREGORY L. McCLINTON, State Bar No. 153553
2  255 East Temple Street, 4th Floor
Los Angeles, CA 90012
3  Telephone: (213) 894-1053
Facsimile: (213) 894-1301
4
Attorneys for Plaintiff
5  U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
6
7
8
9
10



## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

11
12  EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
13          Plaintiff,
14  v.
15  HOME DEPOT U.S.A. INCORPORATED,
        Defendant.
16

) Case No. CV-S-02-1268-KJD-LRL
)
)
) STIPULATED SETTLEMENT
) AGREEMENT AND
) [PROPOSED] ORDER THEREON
)
)
)
)

ORIGINAL

17          ## I.   INTRODUCTION

18  1.   On September 30, 2002, Plaintiff U.S. Equal Employment Opportunity

19  Commission (the "EEOC" or "Commission") brought this action against

20  Defendant Home Depot U.S.A. Incorporated, ("Home Depot") alleging that Home

21  Depot discriminated against Mr. Roderick Birdis by failing to promote him due to

22  his race (African American) compared to Caucasian employees, in violation of

23  Title VII, 42 U.S.C. §2000e et seq.

24  2.   The parties do not object to the jurisdiction of the Court over this action and

25  waive their rights to a hearing and the entry of findings of fact and conclusions of

26  law.

27  3.   As a result of having engaged in mediation, the Commission and Home

28  Depot have resolved their differences and have agreed that this action should be

1  resolved by entry of this Settlement Agreement.

2                    **II    FINDINGS**

3  4.    Having examined the terms and provisions of this Agreement and based on
4  the pleadings, record and stipulation of the parties, the Court finds the following:

5        A.    The Court has jurisdiction over the parties and the subject matter of
6              this action;

7        B.    The terms and provisions of this Settlement Agreement are adequate,
8              fair, reasonable, equitable and just.  The rights of Home Depot, the
9              Commission and those for whom the Commission seeks relief are
10             protected adequately by this Settlement Agreement;

11       C.    This Agreement conforms with the Federal Rules of Civil Procedure,
12             and  Title VII  and is not in derogation of the rights and privileges of
13             any person. The entry of this Agreement will further the objectives of
14             Title VII and will be in the best interests of any person.  The entry of
15             this Settlement Agreement will further the objectives of Title VII and
16             will be in the best interest of Home Depot, the Commission and those
17             for whom the Commission seeks relief.

18                  **III.    EFFECT OF AGREEMENT**

19  5.    This Agreement resolves all issues and claims arising out of the Complaint
20  filed by the EEOC herein alleging unlawful employment practices by Home Depot
21  at its Store No. 3303 and this Agreement shall be binding and final as to all such
22  issues and claims in this action.

23  6.    This Settlement Agreement does not constitute an adjudication by this Court
24  on the merits of the allegations of the EEOC's Complaint.  Neither the agreement
25  to enter into this Settlement Agreement nor any provisions hereof constitute an
26  admission by Home Depot of any violation of Title VII.  Home Depot specifically
27  disclaims any liability to or wrongful acts against Mr. Birdis or any other person,
28  on the part of itself, its agents or employees, past or present.

1   7.   This Settlement Agreement in no way affects the EEOC's rights to process

2   charges against Home Depot not otherwise covered by this Settlement Agreement

3   in accordance with standard EEOC procedures and to commence civil actions on

4   any such charge.

5            **IV.  DURATION OF AGREEMENT AND RETENTION OF**

6   **JURISDICTION**

7   8.   The provisions and agreements contained herein are effective immediately

8   upon the date which the Agreement is entered by the Court ("the Effective Date").

9   9.   The duration of the Settlement Agreement shall be (2) years from the date

10   that the parties sign this Agreement.

11   10.   For the duration of the Settlement Agreement, this Court shall retain

12   jurisdiction over this action for the purpose of enforcing the provisions of this

13   Settlement Agreement. Should the Court determine that Home Depot has not

14   complied with this Agreement, in whole or in part, it may impose appropriate

15   relief, including but not limited to the imposition of costs, attorney fees, or other

16   relief that the Court deems appropriate on Home Depot including an extension of

17   the duration of this Agreement for such a period as may be necessary to remedy

18   Home Depot's non-compliance.

19                   **V.   REMEDIAL RELIEF**

20                   **A.   Non-Discrimination**

21   11.   The Home Depot store located at 1401 S. Lamb Boulevard, Las Vegas,

22   Nevada (Store 3303) its agents and employees shall not discriminate and shall be

23   enjoined for the duration of this Agreement from discriminating against any

24   individual because of his or her race in promotion opportunities.

25   12.   Home Depot agrees that it will not engage in retaliation against Mr. Birdis or

26   any employees at Store 3303 for complaining about the inequity of promotion or

27   for his participation in this EEOC charge or this action. Home Depot agrees not to

28   retaliate against Mr. Birdis.

1

### B. **Promotion of Charging Party**

2    13.    Within fourteen (14) days of the Effective Date (defined in paragraph 8 of

3    the Settlement Agreement), Home Depot agrees to promote Mr. Roderick Birdis to

4    the position of Assistant Store Manager and to assign him to one of its stores

5    within the Jacksonville, Florida area.  The promotion will be retroactive to April 1,

6    2001.

7                            ## VI. **INJUNCTIVE RELIEF**

8    14.    Home Depot shall designate Reg Garrett, Vice President of Human

9    Resources to oversee the implementation of the provisions of this Agreement.

10   Should Home Depot retain an outside Equal Employment Opportunity Consultant,

11   Home Depot shall submit the name and credentials of the proposed EEO

12   Consultant to the EEOC's Los Angeles District Office Regional Attorney for

13   approval.  If the Regional Attorney does not approve the person proposed, Home

14   Depot will provide her with a list of three additional name(s) and credential(s) of

15   possible EEO Consultants from which the EEOC can select the consultant. If the

16   parties still cannot agree on the selection of the EEO Consulant, then the parties

17   shall submit all six names to the Court and the Court shall select the EEO

18   Consultant.

19        ### A.  **Training**

20   15.    Home Depot will provide training to all of its managerial employees within

21   Store Number 3303 concerning discrimination in employment and prevention

22   thereof within a period of 60 days from the Effective Date of this Agreement, and

23   shall conduct at least one four hour training session annually thereafter for the

24   duration of this Settlement Agreement .

25   16. Home Depot Store #3303 shall also for the duration of this Settlement

26   Agreement;

27        A. Review and develop as necessary current  promotional practices to

28   ensure accountability of managerial decision-making;

1      B. Ensure that its promotion practices and policies prevent discrimination

2 based upon race and comport to Title VII; and

3 17.    For the duration of the Agreement, Home Depot Store 3303 agrees to

4 maintain a list of persons promoted to the position of Assistant Manager

5 ("Promotions List"). The Promotions List shall include:

6      **A.**    Race of the Associate;

7      B.    Years of experience, to include sales associate and departmental

8              supervisory experience;

9      **C.**    Two most recent evaluation scores for each the Associate;

10      D.    For those African American Associates interviewed and not selected

11              for promotion, Home Depot will maintain a statement regarding the

12              reason(s) for non-selection.

13                   **VII.   MONETARY RELIEF**

14 18.    Home Depot agrees to pay a Roderick Birdis a settlement sum in the gross

15 amount of Seventy Thousand Dollars ($70,000.00), (the "Settlement Sum"). The

16 Settlement Sum shall be paid in two separate checks: (1) a check for backpay

17 made payable to Roderick Birdis in the amount of Ten Thousand Dollars

18 ($10,000.00), less the employee's share of withholdings and deductions required

19 by law; and (2) a second check for non wage damages made payable to Roderick

20 Birdis in the amount of Sixty Thousand Dollars ($60,000.00). With respect to the

21 second check, Home Depot will issue an appropriate Internal Revenue Service

22 Form(s) "1099". This amount reflects the full consideration due Mr. Birdis.

23 Home Depot shall pay the employers share of FUTA and FICA on the back pay

24 amount and shall not deduct it from the Settlement Sum.

25 19.    Within ten (10) days of the Effective Date of this Agreement, Home Depot

26 shall mail, via certified mail, the checks made payable to Mr. Roderick Birdis in

27 the above amounts to the address provided by the Commission.

28 20.    Within ten (10) days of the Effective Date of this Agreement, a copy of the

1    check sent above shall be submitted to the Regional Attorney Anna Y. Park, Equal

2    Employment Opportunity Commission, Los Angeles District Office, 255 East

3    Temple Street, 4th Floor, Los Angeles, California 90012.

4    21.    Mr. Birdis understands and agrees that he is not entitled to any bonus, stock

5    options or other employee benefits during the period of time between April 1,

6    2001 and his promotion to Assistant Manager as set forth herein and that the full

7    scope of any additional consideration provided to him by Home Depot is set forth

8    in paragraph 18, above.

9    22.  Home Depot will reimburse Mr. Birdis up to $400.00 for legal fees actually

10    incurred by him for review of and advice concerning such general releases. The

11    general releases have been negotiated entirely between Mr. Birdis and his

12    respective attorney(s). The EEOC does not endorse the general releases and has

13    had no role in negotiating the terms thereof to the extent such releases include

14    waivers, release of claims, rights, or other agreements beyond the release of claims

15    alleged in this action.

16    **VIII.   RECORD KEEPING AND REPORTING**

17    23.    For the duration of the Agreement, Home Depot agrees to maintain such

18    records as are necessary to demonstrate its compliance with this Agreement and to

19    verify that the reports submitted are accurate including without limitation:

20        A.   Promotions list:

21        B.   A written description of Home Depots' internal prospective managerial

22             employee selection criteria and  procedure.

23        C.   Proof of EEO training to its managerial associates within 30 days of

24             completion of training; and

25        D.   A log of all managerial associates in attendance of EEO

26             training.

27    24. Home Depot agrees that upon fifteen (15) work days written notice from the

28    Commission, Defendants shall make such records described in paragraph 23 A-D

1 │ available to the Commission for inspection and copying.

2 │ ## IX.   COMPLIANCE AND DISPUTE RESOLUTION

3 │ 25.   In the event that the Commission believes that Home Depot has failed to
4 │ comply with any provision of this Agreement, the Commission shall notify Home
5 │ Depot in writing of such belief and the facts thereof and afford Home Depot a
6 │ reasonable period of not less than ten (10) business days to remedy the alleged
7 │ non-compliance. If Home Depot believes that it has in fact complied with such
8 │ identified provision of this Agreement, it shall notify the Commission in writing
9 │ within ten (10) business days after receipt of the Commission's notice of non-
10 │ compliance, and the Commission or Home Depot may then apply to this Court by
11 │ motion for appropriate relief, including but not limited to a resolution of the
12 │ dispute, a determination of whether Home Depot is in compliance and, if not, an
13 │ appropriate order to enforce the provisions of this Agreement. The parties agree
14 │ that the remedies available and procedures used for any breach of this Agreement
15 │ shall be those available and used for breach of a consent decree, except that
16 │ criminal contempt may not be sought under any circumstances. The parties further
17 │ agree that only the EEOC or Home Depot may apply to the Court for enforcement
18 │ of this Agreement, except that Mr. Birdis may seek enforcement of Home Depot's
19 │ agreement to make payments to him or on his behalf should Home Depot violate
20 │ such Agreement.

21 │ ## X.   MODIFICATION AND SEVERABILITY

22 │ 26.   This Agreement constitutes the complete understanding of the parties with
23 │ respect to the matters contained herein. No waiver, modification or amendment of
24 │ any provision of this Agreement will be effective unless made in writing and
25 │ signed by an authorized representative of each of the parties.

26 │ 27.   If one or more provisions of the Agreement are rendered unlawful or
27 │ unenforceable, the parties shall make good faith efforts to agree upon appropriate
28 │ amendments to this Agreement in order the effectuate the purposes of the

1    Agreement. In any event, the remaining provisions will remain in full force and

2    effect unless the purposes of the Agreement cannot be achieved.

3    28.    By mutual agreement of the parties, this Agreement may be amended or

4    modified in the interests of justice and fairness in order to effectuate the

5    provisions of this Agreement.

6                    **XI.    COURT COSTS AND ATTORNEYS' FEES**

7    29.    Each party shall bear its own court costs and attorneys' fees.

8

9    **XII.    COSTS OF ADMINISTRATION AND IMPLEMENTATION OF**

10                             **AGREEMENT**

11    30.    Home Depot shall bear all costs associated with its administration and

12    implementation of this Agreement.

13                    **XIII.    MISCELLANEOUS PROVISIONS**

14    31.    Home Depot shall assure that, during the term of this Agreement, all of its

15    managers at Store Number 3303 are aware of all of the terms of this Agreement

16    which relate to their job duties.

17    32.    This Agreement shall be binding upon and enforceable against Home Depot

18    and its successors and assigns.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1  33.  The EEOC shall mail, via certified mail to Home Depot a conformed copy

2  of the dismissal of this action within (10) days after the expiration of the

3  Settlement Agreement.

4  Dated: 7/21/03

5  By: _____
   ANNA Y. PARK
   GREGORY L. McCLINTON

6

7  Attorneys for Plaintiff,
   U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION

8

9  Dated: 7·23·03

10  By: _____
   MICHAEL SEXTON
   PAYNE & FEARS, LLP

11

12  Attorneys for Defendant,
   Home Depot, U.S.A. Incorporated

13  Dated: July 24, 2003

14  By: _____
   Corporate Counsel
   Home Depot, U.S.A. Incorporated

15

16  IT IS SO ORDERED:

17  By: _____  8/12/03
   JUDGE, UNITED STATES
18  DISTRICT COURT

19

20

21

22

23

24

25

26

27

28